# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-03008 MMM (CWx) | Date | June 20, 2008 |
|---|---|---|---|

| Title | *Wilshire Assoc. v. Ashland Partners & Co.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order to Show Cause Why Action Should Not be Dismissed For Lack Of Subject Matter Jurisdiction**

    On May 7, 2008, plaintiff Wilshire Associates, Inc. filed a complaint against defendants Ashland Partners & Co., LLP, an Oregon limited liability partnership. Plaintiff's complaint requests declaratory judgment against Ashland with respect to unpaid fees arising from a contractual agreement made between the parties.

    Plaintiff alleges that the amount in controversy exceeds $75,000, and that the court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Specifically, it asserts that it is a California corporation with its principal place of business in Santa Monica, California. Plaintiff further alleges that defendant is an Oregon limited liability partnership, with its principal place of business in Central Point, Oregon. Plaintiff makes no allegations regarding the citizenship of defendant's partners, however.

### I.    Discussion

    "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

    Federal courts have subject matter jurisdiction over suits between citizens of different states where the matter in controversy exceeds the sum or value of $ 75,000. 28 U.S.C. § 1332(a). "Section 1332

requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Furthermore, the citizenship of all defendants, whether or not they have been served with the complaint, determines whether complete diversity exists. See *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (stating that the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service); accord *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal").

For diversity purposes, a partnership is treated as a citizen of each state in which any partners or members are citizens.  See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987). Here, the complaint alleges that "defendant is an Oregon Limited Liability Partnership organized and existing under the laws of the State of Oregon, with its principal place of business in Central Point, Oregon."[1]  The complaint, however, does not allege the citizenship of any of the individual partners of Ashland Partners & Co., LLP.  As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendant.

Accordingly, the court directs the plaintiff to show cause, on or before **July 7, 2008**, why the action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must demonstrate that there is complete diversity between all of defendant's partners and plaintiff.

---

[1] Complaint, p.1, ¶ 4.

2