# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (WESTERN DIVISION)

| | |
|---|---|
| Wilshire Associates, Incorporated, a California corporation,<br><br>                              Plaintiff,<br>     vs.<br>Ashland Partners & Co. LLP, an Oregon limited liability company,<br><br>                              Defendant. | Case No.: CV08-03008 MMM (CWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Having reviewed the Stipulated Protective Order agreed to between Plaintiff Wilshire Associates, Incorporated and Defendant Ashland Partners & Co. LLP, through their respective attorneys of record, and to protect the confidentiality of information obtained by the parties in connection with this case,

IT IS HEREBY ORDERED:

1. Any party may designate as Confidential Material (by stamping the relevant page "CONFIDENTIAL" or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain information involving trade secrets, or confidential business or financial information. Where a document or response consists of more than one page, the

first page and each page on which confidential information appears shall be so designated. Any party or non-party may designate as Confidential Material any document produced by any non-party. Any documents produced to date shall, if appropriate, be so designated within twenty (20) days of the execution of this stipulation. Any such documents shall have the same protection as any documents subsequently produced.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Material by so indicating in the responses to the written discovery or, on the record at the deposition, and requesting the preparation of a separate transcript of such material.

3. Any document or information identified as Confidential Material shall only be disclosed as follows:

(a) to counsel for the parties and their associates, legal assistants, or other support employees in order to conduct this litigation;

(b) to officers, directors, agents, or employees of Plaintiff or Defendant to the extent necessary to conduct this litigation;

(c) to experts or consultants retained for the conduct of this litigation;

(d) to any prospective or actual deponent or trial witness, whether or not he or she has previously seen such Confidential Materials before this litigation commenced, in order to testify or to prepare for giving testimony;

(e) to court reporters, their staff, employees, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) to the Court and authorized Court personnel; and

(g) to the author of the document or the original source of the information.

Before disclosing Confidential Materials to any person in categories (c) or (d) above, each such person shall state under oath in a written document in the

1  form of Exhibit A (attached) that he or she has read and agrees to comply with the
2  terms of this Stipulated Protective Order and further agrees to submit to the
3  jurisdiction of this Court.  Counsel shall maintain a file of the originals of each
4  signed Exhibit A.

5       4. For purposes of this Stipulated Protective Order, the term "document"
6  means all written, recorded, or graphic material, including electronic media, whether
7  produced or created by a party or another person, and whether produced pursuant to
8  document request, subpoena, by agreement, or otherwise.

9       5. Interrogatory answers, responses to requests for admission, deposition
10  transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote,
11  summarize, or contain materials entitled to protection may be accorded status as
12  Confidential Material, but, to the extent feasible, shall be prepared in such a manner
13  that the confidential information is bound separately from information that is not
14  entitled to protection as Confidential Materials.

15       6. Confidential Materials shall not be used for any purpose other than the
16  conduct of this lawsuit, including appeals, and shall not be disclosed in any way to
17  any other person beyond those described in Paragraph 3 above, nor shall such
18  protected materials or their contents be publicized in any manner.

19       7. If a dispute arises as to the designation of materials the parties will
20  attempt to resolve the issue in good faith.  Should a party object to the designation
21  of documents or materials as Confidential Materials, it shall provide the other party
22  with a written objection that lists the documents or things which the objecting party
23  seeks to have precluded from this Stipulated Protective Order.  Within twenty-one
24  (21) days of serving such objection, the objecting party shall have the right to file a
25  motion or an *ex parte* application with the Court seeking a determination that the
26  designated documents are not subject to the provisions of this Stipulated Protective
27  Order.  Any contested material for which a motion is made and for which requested
28  relief is granted shall be deemed outside the scope of this Stipulated Protective

Order.  No disputed documents shall be disclosed while such motion is pending.  In the event such a motion is filed, the party asserting confidentiality shall bear the burden of establishing the confidentiality of the designated documents.  The failure of the objecting party to file a timely motion shall result in the subject documents being the subject of this Stipulated Protective Order.

8.   The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as Confidential Materials shall not constitute a waiver of the rights of a party subsequently to designate such materials as Confidential Materials or otherwise to assert confidentiality with respect to any document, material, or information.  Any information, document or material designated as Confidential Materials shall be treated as if it had been designated as Confidential Materials when first produced or made available and shall be subject to the terms of this Stipulated Protective Order from such date.  If a party produces multiple copies of information, documents, or materials and one copy has not been designated as Confidential Materials, all copies shall be treated as Confidential Materials.  Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by party as Confidential Materials shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

9.   For applications and motions to the Court in which a party submits Confidential Materials, the parties shall follow the procedures set forth in this Court's Local Rule 79-5.1 to request that the Confidential Materials be filed under seal.  The failure of a party or a non-party to file an application to seal in accordance with Local Rule 79-5.1 shall not operate as or result in a waiver of the right of any party or a non-party to designate or seek to have the Confidential Materials at issue treated as Confidential Materials for other purposes.

10.   The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation.  Upon settlement or final

determination of this litigation, all Confidential Materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any Confidential Materials shall be returned or destroyed.

11. Nothing in this Stipulated Protective Order precludes a party which has designated documents or items as Confidential Materials from using any such document or item as such party sees fit. Any instances of disclosure of a party's own documents shall not be deemed a waiver of the designation of such documents as Confidential.

12. Nothing herein shall be deemed to waive or in any way affect any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. This Protective Order does not govern, and is not intended to govern, the use of Confidential Materials at trial in this Action. The use of Confidential Materials at trial in this action is a subject that the parties shall address with the Court at the appropriate time.

Dated:  January 8, 2009.

_____/S/_____
Honorable Carla M. Woehrle
United States Magistrate Judge

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that he or she has received a copy of the Stipulated Protective Order in the matter of Wilshire Associates, Incorporated, a California corporation, Plaintiff, vs. Ashland Partners & Co. LLP, an Oregon limited liability company, Defendant, United States District Court for the Central District of California, Case No. CV08-03008 MMM (CWx)**,** has read such Stipulated Protective Order, agrees to be bound by all of its terms, and further agrees that the United States District Court for the Central District of California may exercise jurisdiction over him/her to enforce such Stipulated Protective Order, as necessary.

Dated: _____, 200\_.

_____
[Print Name]

_____
[Signature]