Andrew A. August, SBN 169472
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Kevin F. Rooney, SBN 062674
krooney@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| Wilshire Associates, Incorporated, a California corporation,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>Ashland Partners & Co. LLP, an Oregon limited liability company,<br><br>　　　　　　　　　　　Defendant. | Case No.: CV08-03008 MMM (CWx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JURY DEMAND**<br><br>Pretrial Date: May 11, 2009<br>Time:　　　　9:00 a.m.<br>Court:　　　　Hon. Margaret M. Morrow |

## I. INTRODUCTION

In its zeal to avoid having a jury consider its conduct leading up to and during this lawsuit, Plaintiff Wilshire's Motion to Vacate Defendant Ashland's jury trial demand ignores an outcome determinative fact: the Relationship Agreement upon which the lawsuit is based contains a California choice-of-law provision. In the same section of the Relationship Agreement where the jury waiver provision is found (section 13.2), the parties also agreed as follows:

> This Agreement shall be governed by the laws of the State of
> California, excluding its conflict of law principles.

---

*Wilshire Associates, Inc. v. Ashland Partners & Co. LLP*
No. CV08-03008 MMM (CWx)　　　　　　　　　　- 1
MPA in Opposition to Motion to Vacate Jury Demand

[Loo Decl., Exh. A, p. 8.]

By specifying the contract would be governed by California law, the parties incorporated California law regarding interpretation of jury waiver provisions. It is now clear in California that a contractual pre-litigation waiver of the right to a jury trial violates California Constitutional law (unless in conjunction with an arbitration clause, which this agreement does not contain). Thus, the waiver provision Wilshire relies on is unenforceable. Ashland is entitled to have a jury decide this case.

## II. THE JURY WAIVER PROVISION OF THE RELATIONSHIP AGREEMENT IS UNENFORCEABLE

The right to trial by jury is a right guaranteed by both the United States and the California Constitutions. U.S. Const. amend. VII; Calif. Const., art. I, §16.

Under federal law, a knowing waiver of a jury trial right is enforceable (*see Applied Elastronics, Inc. v. Z0-Man Fishing Prods., Inc.*, 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007)("under federal law, parties may contractually waive their right to a jury trial"), although courts "must indulge every reasonable presumption against the waiver of the jury trial." *United States v. Nordbrock*, 941 F.2d 947, 950 (9th Cir. 1991).

Under California law, however, a contractual jury waiver is per se unenforceable as violative of the California constitutional right to trial by jury. *See Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 955 (2005) ("California constitutional history reflects an unwavering commitment to the principle that the right to a civil jury trial may be waived only as the Legislature prescribes," and no statute specifically authorizes predispute jury waivers).

Ordinarily, the issue of entitlement to a jury in federal court is made by resort to federal law. The Supreme Court in *Simler v. Conner*, 372 U.S. 221, 221-22 (1963) held that the issue of whether a case is legal in nature (jury trial guaranteed) or equitable in nature (no jury) "must be made by recourse to federal law" even in

diversity cases.  Id. at 222.  This was to ensure that the federal policy favoring jury trials is applied uniformly, which is demanded by the Seventh Amendment.  Id.

But neither *Simler* nor any case cited by Wilshire considered the issue presented here:  where the parties agree contractually to a California choice-of-law provision, does that incorporate the California law regarding interpretation of contractual jury waiver provisions?

In February of this year, Judge Jeffrey White of the Northern District of California considered the exact question posed by this motion and ruled that where there is a California choice of law clause in a contract, the defendant is entitled to a jury trial even where there is a jury trial waiver clause in the contract.  In *Financial Technology Partners L.P. v. FNX Ltd.*, No. C07-01298 JSW, 2009 U.S. Dist. LEXIS 18657, at *3-5 (N.D. Cal. 2009) the contract at issue, like the Relationship Agreement here, contained both an explicit jury waiver clause and a California choice of law provision.  Judge White concluded that the California's policy against pre-litigation jury trial waivers must prevail and held that the jury waiver provision was unenforceable.

After noting that federal courts "must indulge every reasonable presumption against the waiver of the jury trial," Judge White cogently explained his reasoning for respecting the parties' California choice of law provision:

> Ironically, although the reason the Supreme Court [in *Simler*] held that federal law governs the right to a jury trial was to protect this right [to a jury trial], applying federal law here would eliminate that right. The Court finds that applying California law here, which is more protective of the right to a jury trial, would promote the policy underlying the rule regarding jury waivers. Moreover, the California law at issue is premised on an interpretation of the California Constitution, not the Seventh Amendment of the United States Constitution. Thus applying California law here would not undermine the uniformity of enforcing the Seventh Amendment. [*Financial Technology Partners,* 2009 U.S. Dist. LEXIS 18657, at *3-4.]

The facts and reasoning of the Court in *Financial Technology Partners* apply with equal force here.[1] The jury waiver provision in the Relationship Agreement is contrary to the policy of the law the parties chose to govern this transaction. Allowing the jury trial waiver to trump the choice of law clause will result in an ironic contradiction of the underlying purpose for applying federal law – to *protect* the right to a jury trial.

Wilshire should not be allowed to deprive Ashland of its jury trial right by the simple expedient of filing the case in this forum rather than three blocks away in Los Angeles County Superior Court.[2] The Court should honor the parties' choice-of-law provision and deem the jury waiver provision of the Relationship Agreement unenforceable.

Dated:  April 29, 2009.                    Pinnacle Law Group, LLP


                                           By:  /s/ Andrew A. August
                                                Andrew A. August
                                                Attorneys for Defendant

---

[1] Judge White also pointed out that an issue arose as to whether Defendants had relinquished their right to argue jury waiver because they had submitted a case management statement indicating the case would be tried by a jury. *Financial Technology Partners,* 2009 U.S. Dist. LEXIS 18657, at *4. Similarly here, the Court's July 28, 2008 Scheduling Conference Order sets the matter for jury trial (*see* Docket No. 16; "Jury Trial—June 9, 2009 at 8:30 a.m."), yet Wilshire has waited a full nine months to challenge that setting.

[2] Under the Relationship Agreement, the parties agreed to jurisdiction of any federal *or state court* in Los Angeles County for purposes of all legal proceedings relating to non-payment of fees under the Agreement. (Loo Decl., Exh. A, pp. 8-9.) Ashland's constitutional right to have a jury decide this case should not turn on Wilshire's choice to file this case as a diversity case rather than in state court pursuant to jurisdiction/forum selection clause.

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of 18 and not a party to the within action. My business address is 425 California Street, Suite 1800, San Francisco, California 94104.

On April 29, 2009, I served true and correct copies of the document(s) described as:

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JURY DEMAND**

[X]   BY E-MAIL: Service was accomplished through the Notice of Electronic Filing for parties and counsel who are registered ECF Users:

*Counsel for Wilshire Associates:*

Eric M George        egeorge@bwgfirm.com

Ira G Bibbero        ibibbero@bwgfirm.com


Via FedEx:

*Attention*: COURTESY COPIES
Hon. Margaret M. Morrow
United States District Court
Central District of California
Edward R. Roybal Federal Building
255 East Temple Street, Courtroom 780
Los Angeles, CA 90012


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 29, 2009, at San Francisco, California.

/s/ Heather Pruitt
HEATHER PRUITT

---

*Wilshire Associates, Inc. v. Ashland Partners & Co. LLP*
No. CV08-03008 MMM (CWx)                         - 5
MPA in Opposition to Motion to Vacate Jury Demand