# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-3008 MMM (CWx) | Date | May 20, 2009 |
| Title | *Wilshire Associates, Inc. v. Ashland Partners & Co., LLP* | | |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | Mark Schweitzer |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:            Attorneys Present for Defendants:

**Proceedings:**   Order Granting Plaintiff's Motion to Strike Defendant's Jury Demand

## I. BACKGROUND

On May 17, 2007, plaintiff Wilshire Associates, Inc. and defendant Ashland Partners & Co., LLP entered into the agreement on which this action is based. The agreement contains a jury trial waiver provision, which states: "EACH PARTY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT."[1] The agreement further provides that it is governed by California law.[2] On May 7, 2008, Wilshire initiated the present action. Ashland filed an answer on June 10, 2008, which contained a demand for a jury trial.

On July 28, 2008, the court held a scheduling conference in this matter. The scheduling order issued following the conference stated that a jury trial would be held on June 9, 2009.[3] Trial is presently set to commence on June 30.

On April 20, 2009, Wilshire filed a motion to strike Ashland's jury trial demand. Wilshire

---

[1] Declaration of Ira Bibbero ("Bibbero Decl."), Exh. A at 17.

[2] *Id.*, Exh. A at 16.

[3] The Rule 26(f) report submitted by the parties proposed a date for a "trial," but did not specify whether the trial would be a court or jury trial.

1

argues that, under federal law, the jury trial waiver is enforceable because it was knowing and voluntary. Ashland's opposition does not address Wilshire's argument that the waiver was knowing and voluntary. Rather, Ashland argues that the waiver is unenforceable under California law, and that the court should decline to enforce it due to the choice of law provision in the parties' agreement. Ashland also contends that Wilshire waived its right to enforce the jury trial waiver provision.

## II.  DISCUSSION

### A.     Whether Wilshire's Motion is Timely

Motions *in limine* are motions, "whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). They are essentially extensions of the court's authority to manage trials under Rule 103(c) of the Federal Rules of Evidence. *Id.* at 41 n. 4; see also *Carofino v. Forester*, 450 F.Supp.2d 257, 270 (S.D.N.Y. 2006) ("[T]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial'" quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996)). As a result, they are limited to evidentiary matters. See *Accu-Tech Corp. v. Jackson*, 352 F.Supp.2d 831, 833 (E.D. Mich. 2005) (a motion that does not address evidentiary issues is not a proper motion *in limine*).

Because Wilshire's motion is not directed to any evidentiary issue, it is not a proper motion *in limine*. Wilshire should have filed its motion to strike Ashland's jury demand so that it could have been heard on or before April 13, 2009, the motion hearing cut-off date set in the scheduling order. The court therefore construes Wilshire's motion as a request to amend the scheduling order.[4] See *Ticktin v. Carole Fabrics*, No. CV-05-2756-PHX-FJM, 2007 WL 38330, *1 (D. Ariz. Jan. 5, 2007)

---

[4]In its reply, Wilshire cites several cases for the proposition that "[a] party may file a motion to strike a jury demand at any time." (Reply in Support of Motion *in Limine* to Strike Jury Demand at 8, citing *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226-27 (3d Cir. 2007), *United States v. Schoenborn*, 860 F.2d 1448, 1455 (8th Cir. 1988), and *Mowbary v. Zumot*, 536 F.Supp.2d 617, 621 (D. Md. 2008).) The cases cited by Wilshire rely on the fact that Rule 39(a) of the Federal Rules of Civil Procedure does not set a time limit for filing motions to strike a jury demand. Rule 39(a) states:

> "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."

Because Rule 39 is silent on timing, it does not change the rule that "[t]he scheduling order control[s] the subsequent course of action unless modified by the court." See *Johnson*, 975 F.2d at 608.

("A motion filed after the applicable cut-off date may be treated as a '*de facto* motion to amend the scheduling order,'" citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

Pretrial scheduling orders entered before a final pretrial conference may be modified only upon a showing of "good cause." See FED.R.CIV.PROC. 16(b). The "good cause" standard of Rule 16(b) "'primarily considers the diligence of the party seeking the amendment.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609). The relevant question under Rule 16(b), therefore, is whether the moving party diligently attempted to comply with the deadlines established in the scheduling order. See *Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end*" (internal citations omitted) (emphasis added)).

Wilshire argues that it reasonably believed a motion to strike a jury demand could be brought as a motion *in limine*. In support of this argument, it cites various cases in which district courts have referred to such a motion as a motion *in limine*. See *American Equities Group, Inc. v. Ahava Dairy Prods. Corp.*, No O1 Civ. 5207, 2007 WL 4563487, *1 (S.D.N.Y. Dec. 18, 2007); *Ridley v. Costco Wholesale Corp.*, No. Civ.A. 204CV-3860, 2005 WL 2562726, *9 (E.D. Pa. Oct. 12, 2005); *Athridge v. Iglesias*, No. Civ.A. 89-1222(JMF), 2003 WL 23100036, *1 (D.D.C. Dec. 31, 2003); *GSGSB, Inc. v. New York Yankees*, No. 91 Civ. 1803 (SWK), 1995 WL 507246, *1 (S.D.N.Y. Aug. 28, 1995). As the definition employed by the Supreme Court clearly limits motions *in limine* to evidentiary issues, however, the cases cited by Wilshire appear to reflect that courts have been somewhat loose in their use of the *in limine* designation. See *Luce*, 469 U.S. at 40 n. 2. Nonetheless, considering other courts' description of motions to strike a jury demand as motions *in limine*, the court finds that Wilshire reasonably believed it could bring the motion as a motion *in limine*. Wilshire diligently complied with the court's scheduling order as it understood that order. It filed all pretrial conference documents in a timely manner, and filed the motion within the time limit provided by the Local Rules for motions *in limine*.

Additionally, Wilshire represents that it was unclear whether a motion would be needed until after the motion hearing cut-off date had passed. Specifically, it represents that Ashland's counsel stated at the end of March 2009 that Ashland was "not inclined" to seek a jury trial. Wilshire inquired of Ashland's counsel again in mid-April, as the motion hearing cut-off date was expiring, and was told that Ashland still had not definitively decided its position on the issue. When, on April 20, Ashland advised Wilshire that it considered the contractual jury trial waiver unenforceable, Wilshire filed its motion *in limine* the same day. Given this fact, and given Wilshire's understanding that it was proper to seek such relief by filing a motion *in limine*, the court concludes that Wilshire has shown good cause to modify the scheduling order. It will therefore exercise its discretion to entertain Wilshire's motion. See *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (district court has broad discretion in modifying scheduling order).

**B.     Standard Governing Enforceability of Contractual Jury Trial Waivers**

In federal court, whether a party is entitled to a jury trial is decided according to federal law. See *Granite State Ins. Co. v. Smart Modular Technologies, Inc.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989)). "The characterization of the issues 'as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.'" *Id.* (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)). In *Simler*, the Supreme Court explained the rationale for this rule: "The federal policy favoring jury trials is of historic and continuing strength. Only through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved." *Simler*, 372 U.S. at 222 (footnote omitted).

Under federal law, "the right to civil jury trial . . . may be waived by a contract knowingly and voluntarily executed." *Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, 521 F.Supp.2d 1031, 1044 (N.D. Cal. 2007) (quoting *Okura & Co., Inc. v. Careau Group*, 783 F.Supp. 482, 488 (C.D. Cal. 1991)). Despite this fact, courts "must indulge every reasonable presumption against the waiver of the jury trial." *United States v. Nordbrock*, 941 F.2d 947, 950 (1991).

### C.      Whether the Jury Trial Waiver is Unenforceable Under California Law

Ashland argues that the court should analyze the enforceability of the contractual jury trial waiver provision under California law despite the general rule that federal law controls the right to jury trial in federal court. In support of this position, Ashland relies on *Financial Technology Partners L.P. v. FNX Ltd.*, No. C 07-01298 JSW, 2009 WL 464762 (N.D. Cal. Feb. 24, 2009). The *Financial Technology Partners* court held that held that, where a contract contains a California choice of law provision, California law controls the waiver issue. *Id.* at *2.

The court based its analysis on the California Supreme Court's decision in *Grafton Partners L.P. v. Superior Court*, 36 Cal.4th 944 (2005). In *Grafton*, the Court concluded that "governing California constitutional and statutory provisions do not permit predispute jury waivers." *Id.* at 967. The Court first noted that the right to jury trial preserved under Article I, section 16 of the California Constitution could "be waived only as the Legislature prescribes." *Id.* at 955. It then interpreted California Code of Civil Procedure § 631(d) as prohibiting pretrial waivers of the right to jury trial. *Id.* at 956-61. As *Grafton* makes clear, California law is more protective of the jury trial right than federal law. Noting this, the *Financial Technology Partners* court reasoned that applying California law would promote the policy favoring jury trials that underlies the rule that federal law governs the right to jury trial. See *Financial Technology Partners*, 2009 WL 464762 at *2. It observed that because California's prohibition of jury trial waivers "is premised on an interpretation of the California Constitution," "applying California law . . . would not undermine the uniformity of enforcing the Seventh Amendment." See *id.* As a result, it found the parties' contractual jury waiver unenforceable under California law. Ashland argues that the court should follow *Financial Technology Partners* and invalidate the waiver provision in its contract with Wilshire under California law.

The court is not persuaded by the analysis in *Financial Technology Partners*. Although *Simler* based its conclusion that federal law governed the right to jury trial in part on a "federal policy favoring jury trials," 372 U.S. at 222, there is also "a strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts." *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 538 (1958). "The federal system is an independent system for administering justice to litigants who properly invoke its jurisdiction. An essential characteristic of that system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury." *Id.* at 537. Applying state law to the waiver issue would undermine the independent nature of the federal system of justice. This independence is no less important where the right to a jury trial under a state constitution is broader than that preserved by the Seventh Amendment. See *Herron v. Southern Pacific Co.*, 283 U.S. 91, 94 (1931) (applying federal law to uphold the trial court's decision to direct a verdict on contributory negligence, despite a contrary provision of the Arizona Constitution that reserved the issue for the jury, and observing that "state laws cannot alter the essential character or function of a federal court").

Further, *Financial Technology Partners* applied California law to the question without conducting an *Erie* analysis.[5] "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). To determine whether a rule of law is "substantive" or "procedural," courts apply an "outcome determination" test. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001). As explained by the Ninth Circuit:

> "Under th[is] test, [courts] first ask the following question: '[D]oes it significantly affect the result of a litigation for a federal court to disregard a law of a state that would be controlling in an action upon the same claim by the same parties in a State court?' Additionally, whether such disregard would affect the outcome of an action must be guided by the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws. Accordingly, we should not apply this test so as to produce a decision favoring application of the state rule unless one of these aims will be furthered." *Id.* (citations and internal quotation marks omitted).

The court cannot conclude that a properly instructed jury would, in most cases, reach a different outcome than a court considering the same evidence would reach. Moreover, even if submitting a case to a jury would in some cases result in a different outcome, this possibility is not strong enough to override the federal interest in maintaining an independent system of justice. See *RTC Mortg. Trust 1994 N-1 v. Fidelity Nat. Title Ins. Co.*, 981 F.Supp. 334, 342 (D.N.J. 1997) ("In *Byrd*, the Supreme Court, conceding that the availability of a jury trial could be outcome determinative, 'did not think the likelihood of a different result is so strong as to require the federal practice . . . to yield to [a] state rule,'" citing *Byrd*, 356 U.S. at 540). Accordingly, the court disagrees with the analysis

---

[5]See *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938.)

5

set forth in *Financial Technology Partners*, and concludes that federal law controls the enforceability of the contractual jury trial waiver here. Because Ashland does not dispute that its consent to the waiver provision was voluntary, the waiver is enforceable under federal law.

### D. Whether Wilshire Has Waived the Right to Enforce the Jury Trial Waiver

A party can waive the right to enforce a jury trial waiver by acting inconsistently with that right. See *Madura v. Countrywide Home Loans, Inc.*, No. 8:06-cv-2073-T-24-TBM, 2008 WL 151850, *1 (M.D. Fla. Jan. 15, 2008) (defendants waived the right to enforce a jury trial waiver by "waiting for more than a year before seeking to enforce the jury trial waiver provision," and by "fail[ing] to object to the Court's scheduling orders setting th[e] case for a jury trial"); see also *Coleman v. Lazy Days RV Center, Inc.*, No. 8:05-CIV-930-T-17TBM, 2007 WL 2696789, *1-2 (M.D.Fla. Sept. 12, 2007) (a delay of two years and agreement in a case management report to a jury trial waived defendant's right to enforce a contractual jury trial waiver); *RDO Financial Services Co. v. Powell*, 191 F.Supp.2d 811, 814-15 (N.D. Tex. 2000) (a plaintiff who stipulated to a jury trial in state court but voluntarily non-suited the case and refiled in federal court waived its right to enforce a jury trial waiver).

Here, because Wilshire reasonably believed, based on the practice of federal courts in other districts, that it could move to strike Ashland's jury demand by filing a motion *in limine* to be heard at the time of the pretrial conference, and because it did not learn of Ashland's position that the jury trial waiver was unenforceable until the motion hearing cut-off date had passed, the court concludes that Wilshire's delay was not inconsistent with the right to enforce the waiver. Wilshire contends that "[u]p until the day Wilshire filed th[e] motion, Ashland's counsel had not definitively stated that it considered the jury trial waiver enforceable."[6] Although it would have been better practice for Wilshire to file a timely motion to strike the demand rather than wait for a "definitive" statement from its adversary, Wilshire's delay was not, under the circumstances, so inconsistent with its right to enforce the contractual provision that it constitutes a waiver of that right.[7] Because Ashland voluntarily waived its right to a jury trial, the court grants Wilshire's motion.

---

[6] Reply at 8.

[7] The court notes, in this regard, Wilshire's accurate assertion that it did not agree in the parties' Rule 26(f) report to the fact that a jury trial was appropriate. Compare *Coleman*, 2007 WL 2696789 at *1-2.

## III. CONCLUSION

For the reasons stated, the court grants Wilshire's motion to strike Ashland's jury trial demand. This matter will be tried to the court commencing on June 30, 2009.