Andrew A. August, SBN 169472
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Kevin F. Rooney, SBN 062674
krooney@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| Wilshire Associates, Incorporated, a California corporation,<br><br>                              Plaintiff,<br>vs.<br><br>Ashland Partners & Co. LLP, an Oregon limited liability company,<br><br>                              Defendant. | Case No.: CV08-03008 MMM (CWx)<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER RECONSIDERING ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND OR, ALTERNATIVELY, FOR CERTIFICATION OF ISSUE FOR IMMEDIATE APPEAL AND STAY OF PROCEEDINGS**<br><br>Trial Date:  June  30, 2009 |
|---|---|

TO THE COURT AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Ashland Partners & Co. LLP ("Ashland") will, and hereby does, apply *ex parte* to the Court to reconsider and vacate its Order Granting Plaintiff's Motion to Strike Defendant's Jury Demand, Doc. # 43, May 20, 2009 ("the Order") in light of the reasoning of new authority on the issue involved, that it apply California state law to the issue of the validity of pre-litigation contractual jury waivers, and that it deny the motion of Plaintiff Wilshire Associates, Inc. ("Wilshire") to strike Ashland's jury trial demand.

This application is made under Local Rule 7-19 on the ground of a material difference in law from that presented to the Court before its decision that in the exercise of reasonable diligence could not have been known Ashland.

Alternatively, Ashland will, and hereby does, apply *ex parte* for an order certifying the Order for immediate interlocutory appeal under 28 U.S.C. §1292(b) and staying proceedings in this matter.  This application is made on the ground that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

*Ex parte* relief is necessary because the matter is set for trial on June 30, 2009, and therefore a normally noticed motion could not be heard.  Ashland has notified counsel for Wilshire of this *ex parte* application.  Wilshire's counsel is:

> Browne Woods George LLP
> Eric M. George
> Ira Bibbero
> 2121 Avenue of the Stars, 24th Floor
> Los Angeles, CA  90067
> Telephone (310) 274-7100

Dated:  May 28, 2009.                             Pinnacle Law Group, LLP


                                       By:  /s/ Andrew A. August
                                            Andrew A. August
                                            Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Remarkably, on May 18, 2009, two days before this Court issued its Order granting Plaintiff Wilshire's motion to strike Defendant Ashland's jury trial demand, a federal district court in Georgia, considering the identical issue and analyzing the *Erie* doctrine in depth, reached the opposite conclusion that this court reached.[1] The Georgia case reached the same result as Judge White of the Northern District of California in *Financial Technology Partners L.P. v. FNX Ltd.*, No. C07-01298 JSW, 2009 U.S. Dist. LEXIS 18657 (N.D. Cal. 2009), which this Court declined to follow but unlike Judge White, the Georgia case discusses *Erie* at length.

Ashland (and presumably the Court) was unaware of the Georgia decision until Friday of last week. Although the Georgia case is not binding on this Court, because it provides a thorough *Erie* analysis, Ashland respectfully requests the Court to reconsider and vacate its Order in light of the reasoning of that case, to apply California law to the issue of the validity of pre-litigation contractual jury waivers, and to allow Ashland to have a jury trial.

Even if the Court is not inclined to change its ruling in light of the Georgia case, two things are now very apparent. First, the underlying issue that this Court considered—whether, in a diversity action, a contractual a jury trial waiver provision that is unenforceable under the forum's state law, is nevertheless enforceable under *Erie*—is one that is complex, important, recurring, and unanswered by any Circuit Courts of Appeal. Including this Court, four district courts have considered the issue (three in the past three months), with different analyses and results. Among the four trial courts, the score is tied 2 – 2 on the issue.

---

[1] *GE Commercial Finance Business Property Corp. v. Heard*, Nos. 4:08-CV-137 (CDL) and 4:08-CV-138 (CDL), 2009 U.S. Dist. LEXIS 41882 (M.D. Ga. May 18, 2009).

*Wilshire Associates, Inc. v. Ashland Partners & Co. LLP*
No. CV08-03008 MMM (CWx)                              - 3
Ex Parte Application

Second, because the underlying issue is purely a legal one, regardless of how the Court rules now, it will provide the party who loses at trial an "automatic" appellate issue that will be reviewed *de novo.* The only question will be who will be the appellant. To minimize the likelihood of an appeal and the distinct possibility of two trials, Ashland requests that the Court temporarily stay the action, certify for interlocutory appeal its Order striking the jury demand, and allow Ashland to seek immediate review with the Ninth Circuit.

## II.   THE COURT SHOULD RECONSIDER ITS RULING STRIKING ASHLAND'S JURY DEMAND

A motion for reconsideration is governed by Local Rule 7-18, which reads as follows:

> ***L.R. 7-18 Motion for Reconsideration.*** A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

When Ashland filed its opposition to Wilshire's motion to strike the jury demand on April 29, 2009, the only court that had substantively considered and discussed the issue of the interplay between choice of law provisions and enforceability of contractual jury waivers was the Northern District of California in

*Financial Technology Partners L.P. v. FNX Ltd.*, No. C07-01298 JSW, 2009 U.S. Dist. LEXIS 18657 (N.D. Cal. 2009). It was this authority that Ashland relied upon and cited to the Court, and it was the analysis in that case that the Court cited in its Order.

In its tentative ruling issued on May 11, 2009 the court declined to wade into the "complex" issue raised by *Financial Technology Partners*. Following the Court's reconsideration of its tentative ruling, the Court stated that it was not persuaded by *Financial Technology Partners*, noting that that court had not conducted an *Erie* analysis into whether the jury trial issue was one of state substantive law or federal procedural law. Order, at 5. The Court concluded that the issue was governed by federal law because the question of trial by jury versus non-jury could not be said to be "outcome determinative." Id.

Two days before the Court issued its Order, however, Judge Clay D. Land of the Middle District of Georgia ruled on the identical issue in *GE Commercial*, *supra* at fn 1. There, the contract in question contained a Georgia choice of law provision as well as a jury waiver clause. Georgia state law, like California state law, prohibits pre-litigation contractual jury waivers. In that diversity action, Judge Land held that the Court would recognize the choice of law provision, apply Georgia law, and invalidate the jury waiver provision in the contract. 2009 U.S. Dist. LEXIS 41882, at **5-13.

Judge Land analyzed the *Erie* issue in depth. He first noted that cases making the blanket statement that federal law applies to the issue of right to a jury trial in diversity cases should not be taken out of context. Since most states allow pre-contractual jury waiver provisions, the blanket statement generally is apt, as its application would make certain that the federal constitutional right to a jury trial was protected in federal courts. Id. at **8-9. However, where the application of the state law would be *more protective* of the right to jury trial, then the state law would be followed because states are free to provide their citizens with more protection

---

*Wilshire Associates, Inc. v. Ashland Partners & Co. LLP*
No. CV08-03008 MMM (CWx)                                   - 5 -
Ex Parte Application

than the United States Constitution requires. Id. at **9-10. Judge Land further noted that the traditional "substance" versus "procedure" *Erie* analysis was not particular helpful in this context, but that "even using this traditional terminology, it appears clear that the validity of a contractual jury waiver provision that has the effect of restricting one's right to a jury trial unless state law that invalidates such a provision is applied involves substantive rather than procedural law." Id. at **12-13 n.4.

Ashland respectfully asks the Court to reconsider its conclusion in light of the reasoning and analysis in *GE Commercial Finance*.

## III. ALTERNATIVELY, THE COURT SHOULD CERTIFY ITS ORDER FOR IMMEDIATE APPEAL AND STAY THE ACTION

If the Court is still not inclined to permit a jury trial, Ashland requests that the Court certify its Order for immediate interlocutory appeal under 28 U.S.C. § 1292(b).[2] The discrete legal issue to be certified is:

> In a diversity action concerning a contract that contains a pre-dispute jury trial waiver provision which is unenforceable under the forum state's law, does the *Erie* doctrine control and if so, is the enforceability of the waiver a substantive or procedural issue of law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

This issue needs to be decided by the Ninth Circuit so that the district courts have clear directive in diversity jurisdiction contract disputes. This will provide uniformity, save district courts enormous time, and eliminate a significant appeal issue in all such cases.

---

[2] Section 1292(b) provides, "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon . . . permit an appeal . . . if application is made to it within ten days . . . ."

In order for the district court to certify a legal question for immediate interlocutory appeal, it must be shown "(1) that there [is] a controlling question of law, (2) that there [are] substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Arizona v. Ideal Basic Indus. (In re Cement Litigation)*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Each of the requirements is met here.

### A.  Denial of a Jury Trial Presents a "Controlling Question of Law"

To constitute a "controlling question of law," it is not necessary that the question be a dispositive one, and its resolution "need not necessarily terminate the action." *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). "Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Litigation*, 673 F.2d at 1026.[3]  The right to a jury trial is a "controlling question of law" under this standard. *See City of Hope Nat'l Medical Ctr. v. Blue Cross*, 928 F. Supp. 1001, 1004 (C.D. Cal. 1996) (recognizing "that the right to a trial by jury is a fundamental right which involves a controlling issue of law" under section 1292(b) but refusing certification because of no substantial difference of opinion on the legal issue presented).

The Circuit Courts of Appeal have uniformly considered the issue of right to jury trial a "controlling question of law" for purposes of section 1292(b). *See In re U. S. Financial Sec. Litigation*, 609 F.2d 411, 413 (9th Cir. 1979) (accepting section 1292(b) interlocutory appeal of district court's denial of right to jury trial on grounds of case complexity); *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172

---

[3] The issue must be one of law, not of fact.  Interlocutory appeals are intended to examine "abstract issues of law," without requiring the Court of Appeal to delve beyond the surface of the record to determine the facts.  *See Ahrenholz v. Board of Trustees*, 219 F.3d 674, 676-677 (7th Cir. 2000)(section 1292(b) designed for analyzing "a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record"). "A legal question of the type envisioned in § 1292(b) . . . generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).

1  (6th Cir. 1992) (accepting section 1292(b) interlocutory appeal of district court's
2  order granting right to jury trial in bankruptcy case); *Rex v. Cia. Pervana de*
3  *Vapores, S. A.*, 660 F.2d 61, 62 (3d Cir. 1981) (accepting section 1292(b)
4  interlocutory appeal of district court's order granting right to jury trial in case
5  implicating Foreign Sovereign Immunities Act); *Pons v. Lorillard*, 549 F.2d 950,
6  951-952 (4th Cir. 1977) (accepting section 1292(b) interlocutory appeal of district
7  court's order striking jury trial demand).  *See also In re High Fructose Corn Syrup*
8  *Antitrust Litig.*, 361 F.3d 439, 440 (7th Cir. 2004) (issue of whether district court
9  had power to empanel two juries for different questions deemed appropriate for
10 interlocutory appeal under section 1292(b)).

   **B.   A "Substantial Ground for Dispute" Exists on the Question Sought To Be Certified**

   A "substantial ground for dispute" exists when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue.  *Eagan v. CSX Transportation, Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003).  There can be little argument that this element is satisfied.

   The issue presented is a difficult, complex one, as the Court recognized in its tentative ruling on the matter.[4]  It is involves questions of federalism and is of constitutional magnitude.  In light of the Court's May 20th Order, there is now a difference of opinion between at least two district courts in the Ninth Circuit applying the same California law to what this Court described as an "identical"

   / / /
   / / /

---

[4] "Ashland argues that the court should follow *Financial Technology Partners* and invalidate the waiver provision under California law.  Because the court concludes that Wilshire's motion is untimely, and that Wilshire waived the provision, it declines to reach this complex issue."  Tentative Order Regarding Plaintiff's Motion to Strike Defendant's Jury Demand ("Tentative Order"), May 11, 2009, at 3 n.5.

*Wilshire Associates, Inc. v. Ashland Partners & Co. LLP*
No. CV08-03008 MMM (CWx)                                          - 8
Ex Parte Application

factual situation.[5] At this time, two cases have deferred to the choice of law provision (*Financial Technology Partners* and *GE Commercial*) and two (including this Court) have rejected that analysis. *See also, Transfirst Holdings, Inc. v. Phillips*, No. 3:06-CV-2303-P, 2007 U.S. Dist. LEXIS 867264, at **7-8 (N.D. Tex. March 22, 2007).

## C. An Interlocutory Appeal May "Materially Advance the Ultimate Termination of the Litigation"

The potential for bringing the litigation to a more expeditious close is related to the "controlling issue of law" factor for certification. The court must consider the effect of a reversal by the court of appeals on the management of the case. *In re Cement Litigation*, 673 F.2d at 1026. Thus, where the Court is faced with the prospect of having to retry the matter if its ruling is incorrect, this element of section 1292(b) is satisfied.

Numerous district courts have applied this principle when certifying interlocutory appeal of an order denying a jury trial. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 478 F. Supp. 889, 933 n.74 (E.D. Pa. 1979) ("interlocutory review [of an order denying jury trial] may be desirable because of the importance of jury trial and the likelihood that erroneous decisions would necessitate retrials"); *Bernstein v. Universal Pictures, Inc.*, 79 F.R.D. 59, 71 (S.D.N.Y. 1978) ("Even as a bench trial, this action will require many trial days, together with the attendance at court of counsel, parties and witnesses. It would be most unfortunate if after full commitment of so much of our scarce judicial resources, a full retrial of the case to a jury should be required as a result of an appeal from final judgment. Accordingly, the Court will certify for an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). . . ."); *In re U.S. Financial Sec. Litigation*,

---

[5] *See* Tentative Order, at 3 n.5: "[A]t least one court, facing a factual situation identical to the one before the court, has held that, where a contract contains a California choice of law provision, California law, which prohibits pre-litigation contractual waivers of the right to jury trial, controls."

75 F.R.D. 702, 715 (S.D. Cal. 1977) ("It would be a tragedy to undertake the enormous expense and effort on the part of the parties and the court of conducting a trial of this case only to have an appellate court later invalidate the entire proceeding because a jury should have been used. Therefore, the court hereby certifies the question for interlocutory appeal pursuant to 28 U.S.C. §1292(b)."); *In re Boise Cascade Sec. Litigation*, 420 F. Supp. 99, 105 (W.D. Wash. 1976) (certifying order denying jury trial: "[t]he question is a controlling one as to which there is likely to be substantial grounds for difference of opinion. Resolution of the issue prior to trial will materially advance termination of the litigation because it would avoid a re-trial on this ground.").

Indeed, the principle has been applied when certifying an order that <u>granted</u> the right to a jury where the law was uncertain. *See Rex v. Cia. Pervana de Vapores, S.A.*, 493 F. Supp. 459, 469 (E.D. Pa. 1980) ("If I am incorrect [in granting jury trial], then empaneling a jury will be a waste of judicial resources. If I am correct, the law will be quickly clarified before cases tried non-jury over objections must be retried.")

The Court's order striking Ashland's jury demand is one that necessarily will be appealed to the Ninth Circuit if any judgment is rendered against Ashland. An immediate appeal to the Ninth Circuit to resolve the underlying jury right question might therefore avoid protracted and expensive litigation.

### D. The Court Should Stay Further Proceedings Pending a Decision By the Ninth Circuit on the Certified Question

The procedure under section 1292(b) calls for an appeal to the Ninth Circuit within ten days after the matter is certified by this Court. The Ninth Circuit obviously has discretion to accept or reject the certified issue.

The desire for judicial efficiency and clarity on threshold legal issues dictate that the matter be stayed until the Ninth Circuit has acted on the certification request. The Court has inherent authority to stay an action to control its own docket.

---

*Wilshire Associates, Inc. v. Ashland Partners & Co. LLP*
No. CV08-03008 MMM (CWx)         - 10 -
Ex Parte Application

*See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1982) (a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").

Dated: May 28, 2009.                    Pinnacle Law Group, LLP


                                        By:  /s/ Andrew A. August
                                             Andrew A. August
                                             Attorneys for Defendant

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of 18 and not a party to the within action. My business address is 425 California Street, Suite 1800, San Francisco, California 94104.

On May 28, 2009, I served true and correct copies of the document(s) described as:

**DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER RECONSIDERING JURY TRIAL RIGHT OR, ALTERNATIVELY, FOR CERTIFICATION OF ISSUE FOR IMMEDIATE APPEAL AND STAY OF PROCEEDINGS;**

[X]  BY E-MAIL: Service was accomplished through the Notice of Electronic Filing for parties and counsel who are registered ECF Users:

*Counsel for Wilshire Associates:*

Eric M George     egeorge@bwgfirm.com

Ira G Bibbero     ibibbero@bwgfirm.com

Via FedEx:

*Attention*: COURTESY COPIES
Hon. Margaret M. Morrow
United States District Court
Central District of California
Edward R. Roybal Federal Building
255 East Temple Street, Courtroom 780
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 28, 2009, at San Francisco, California.

/s/ Heather Pruitt
Heather Pruitt

---

*Wilshire Associates, Inc. v. Ashland Partners & Co. LLP*
No. CV08-03008 MMM (CWx)          - 12 -
Ex Parte Application